UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

___

Jonathan G. Williams, individually and
on behalf of all other similarly situated
individuals,

Case No. 1:15-cv-00049-RRE-ARS

        Plaintiff,

**RULE 26(f) REPORT**

v.

Baker Hughes Oilfield Operations, Inc.,

        Defendant.

___

Pursuant to Rule 26(f), counsel for the parties certify that on June 25, 2015 they conferred by telephone to discuss the nature and basis of their clients' claims and defenses, the possibilities for a prompt settlement or resolution of the case, and a proposed discovery plan.

**Appearances**

Paul J. Lukas and Carl F. Engstrom participated in the conference on behalf of Plaintiff Jon Williams and the putative FLSA class. Michael J. Muskat, Gabrielle S. Moses, and Leslie Bakken Oliver participated on behalf of Defendant Baker Hughes Oilfield Operations, Inc.

**Case Summary**

Plaintiff's allegations: The subject of this lawsuit is Defendant's failure to pay overtime wages to its Field Engineers in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") and North Dakota Century Code Title 34 and the North Dakota Minimum Wage and Work Conditions Order (N.D. Admin. Code § 46-02-07-01, et seq.). Plaintiff Jon Williams brings this action as an opt-in collective action on behalf of himself and all others similarly situated for violations of the FLSA, and as an opt-out Rule 23 class action on behalf of himself and the proposed Rule 23 Class.

Defendant's allegations: Defendant denies that this matter is appropriate for conditional or class certification and asserts a number of defenses to Plaintiff's claims, including but not limited to the defense that Plaintiff and other Field Engineers meet one or more exemptions under the FLSA and North Dakota law.

**Procedural History**

Plaintiffs filed this action on April 30, 2015, and Defendant was served on May 5, 2015. Defendant filed its Answer on May 26, 2015. Plaintiff plans on filing a pre-discovery motion for conditional certification pursuant to 29 U.S.C. § 216 in late July or early August, though these dates are approximate. Defendant intends to oppose the motion. The parties propose that the motion be subject to a briefing schedule in which Defendant will have 30 days to respond to the motion and Plaintiff will have 15 days in which to file a reply.

**Scheduling/Discovery Plan**

The outcome of Plaintiff's motion for conditional certification will have a large impact on the scope of discovery and the appropriate deadlines in this case. As a result, the parties propose that they be permitted to confer about the scope of discovery and the appropriate deadlines for this litigation, and subsequently submit a joint proposed discovery plan pursuant to those discussions, within fourteen (14) days after the Court issues its Order on Plaintiff's forthcoming Motion for Conditional Certification.

1. The parties shall make Rule 26(a)(1) disclosures by July 9, 2015.

2. The issues on which the parties need to conduct discovery will be fully explored after the Court issues its Order on Plaintiff's Motion for Conditional Certification.

3. The parties propose submission of proposed deadlines for fact discovery and discovery-related motions within fourteen (14) days after the Court issues its Order on Plaintiff's

Motion for Conditional Certification.

4. The parties anticipate that they will require expert witnesses at the time of trial. The parties propose that they be permitted to submit a plan for expert discovery under Rule 26(a)(2) within fourteen (14) days after the close of regular discovery.

Questions 5 through 13. The parties propose that they be permitted to suggest limitations on discovery and deadlines for discovery and trial depositions, joinder motions, threshold motions, nondispositive motions, and dispositive motions within fourteen (14) days after the Court rules on Plaintiff's Motion for Conditional Certification.

14. The parties agree that after a conditional certification Order is entered by the Court, the parties will consider whether to mediate this matter within a reasonable time period and, if mediation is desired, with whom.

15. The parties believe that a mid-discovery status conference would be helpful in this case, but would like to be permitted to suggest an approximate date for this conference within fourteen (14) days after the Court enters an Order on Plaintiff's Motion for Conditional Certification.

16. The parties will not voluntarily waive their rights to proceed before a district judge or consent to have a magistrate judge conduct any and all further proceedings in this case.

17. Prior to the July 1, 2015 conference with the Court, Defendant will file an unopposed motion for jury trial on all claims, defenses, and issues triable by jury in this matter.

18. The parties will not know the estimated length of trial until the Court has ruled on Plaintiff's Motion for Conditional Certification, and therefore propose informing the Court of the estimated length of trial within fourteen (14) days after the Court issues its Order on Plaintiff's Motion for Conditional Certification.

Dated: July 1, 2015                    /s/ Paul J. Lukas
                                                  NICHOLS KASTER, PLLP
Paul J. Lukas, MN Bar No. 22084X
Carl F. Engstrom, MN Bar. No. 396298
Steven A. Smith, MN Bar No. 260836
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
lukas@nka.com
cengstrom@nka.com
smith@nka.com

Attorneys For Plaintiff, the Putative
FLSA Collective and the Putative Rule 23 Class



MUSKAT, MARTINEZ & MAHONY, LLP

*/s/ Michael J. Muskat*
MICHAEL J. MUSKAT
Texas Bar No. 24002668
Email:  mmuskat@m3law.com
GABRIELLE S. MOSES
Texas Bar No. 24063878
Email:  gmoses@m3law.com
DEANDREA C. WASHINGTON
Texas Bar No. 24070814
Email:  dwashington@m3law.com
DANIEL LENHOFF
Texas Bar No. 24078846
Email:  dlenhoff@m3law.com
1201 Louisiana Street, Suite 850
Houston, Texas 77002
Telephone:  713-987-7850
Telecopier:  713-987-7854

Admitted Pro Hac Vice

VOGEL LAW FIRM

LESLIE BAKKEN OLIVER
US Bank Building
200 North 3rd Street, Suite 201

4

P.O. Box 2097
Bismarck, ND 58502-2097
Telephone: 701-258-7899
Telecopier: 701-258-9705

**ATTORNEYS FOR DEFENDANT**
**BAKER HUGHES OILFIELD**
**OPERATIONS, INC.**

## ORDER

The parties' Rule 26(f) Report is adopted as the Order of the Court with the following modifications:

The plaintiff's motion for conditional certification shall be due on or before July 31, 2015. The defendant shall have thirty days to respond to that motion, and the plaintiff shall have fifteen days to reply. Within fourteen days of a decision on the motion, the parties shall submit a supplemental joint proposed scheduling/discovery plan.

Dated this 1st day of July, 2015.

>*/s/ Alice R. Senechal*
> Alice R. Senechal
> United States Magistrate Judge